IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL GATER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 C 3267 |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Bank of America, N.A.'s (BOA) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

**BACKGROUND**

Plaintiff Crystal Gater (Gater) contends that in 2006 she entered into a mortgage loan (Mortgage) with Universal Mortgage Corporation (Universal). Gater contends that Universal made certain misrepresentations to her relating to the Mortgage. The Mortgage was allegedly subsequently assigned to Mortgage Electronic Registration Systems, Inc. (MERS), and later re-assigned by MERS to BOA. Gater includes in her complaint a Truth–in–Lending Act (TILA), 15 U.S.C. §§ 1601, *et seq.* claim (Count I), and an Illinois Consumer Fraud and Deceptive

1

Business Practices Act (Fraud Act), 815 ILCS 505/1, *et seq.* claim (Count II). BOA now moves to dismiss the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

BOA argues that the TILA and Fraud Act claims are untimely. An affirmative defense such as a statute of limitations defense "may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009)(quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Generally, a TILA action for damages must be filed "within one year from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1640(e). A TILA action seeking rescission must be filed within three years of the date of consummation. 15 U.S.C. § 1635(f); *see also Haymer v. Countrywide Bank, FSB*, 2011 WL 2790172, at *6 (N.D. Ill. 2011)(stating that "TILA actions must be brought within one year from the date of the violation" and that "[a] transaction is consummated on the date the loan is closed"); 15 U.S.C. § 1635(f). A Fraud Act claim must be brought "within three years of the date the claim accrues." *Addison Automatics, Inc. v. RTC Group, Inc.*, 2013 WL 3771423, at *5-6 (N.D. Ill. 2013). A Fraud Act claim "accrues when the plaintiff 'knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.'" *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 441 (7th Cir. 1994)(quoting *Knox College v. Celotex Corp.*, 430 N.E.2d 976, 980 (Ill. 1981)); 815 ILCS 505/10a(e).

In the instant action, the allegations in the complaint indicate that the Mortgage transaction was consummated in September 2006, over seven years ago.

3

The alleged misrepresentations that are alleged in the complaint are alleged to have occurred in September 2006. Over six years passed before Gater brought the instant action on April 30, 2013. Even if the court were to consider Gater's allegations that she unsuccessfully attempted to refinance the Mortgage sometime in 2007, (Compl. Par. 31), and the court found that the statute of limitations periods began to run in December 2007, Gater's claims brought in April 2013 would still be untimely. In addition, even if the court were to apply the five-year statute of limitations for general common law fraud claims, Gater's claims would still be untimely. 735 ILCS 5/13-205.

Gater also argues that some courts have found an exception to the TILA limitations period where TILA claims are asserted as a defensive measure to an Illinois foreclosure action. *See U.S. Bank Nat. Ass'n v. Manzo*, 960 N.E.2d 1238, 1250 (Ill. App. Ct. 2011)(addressing whether a TILA rescission claim for recoupment brought in defense to a foreclosure action was barred by the three-year limitations period). However, BOA has provided documents from the public record, which the court can take judicial notice of when ruling on the instant motion. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)(stating that a court can "take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment"). Such documentation provided by BOA shows that BOA already obtained a foreclosure judgment against Gater in a separate civil action. (Mot. Ex 4). Finally, Gater has not presented facts to indicate that either of the equitable tolling

4

doctrines are applicable in this case. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)(explaining equitable tolling doctrines). Therefore, since Gater's claims are untimely, BOA's motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, BOA's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 18, 2013